IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| STEFEN ESCAMILLA, | ) |
| | ) |
|     Plaintiff, | )     CIVIL ACTION FILE NO. |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This action, under 18 U.S.C. § 925A(2), seeks an order that a firearm transfer to Plaintiff be approved by Defendant and a declaration that Plaintiff is not federally prohibited from possessing firearms.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1346(a)(2), and 28 U.S.C. § 1361.

3. Venue is proper under 28 U.S.C. § 1402(a)(1) because the United States is a Defendant and the Plaintiff resides in this District and in this Division.

## III. PARTIES

4. Plaintiff is a citizen and resident of Winnebago County, Wisconsin and a citizen of the United States.

5. Defendant is the United States of America.

## IV. FACTUAL BACKGROUND

6. In 2019, Plaintiff attempted to purchase a handgun from Classic Firearms in Appleton, Wisconsin.

7. As a federal firearms licensee ("FFL"), Classic Firearms was required under 18 U.S.C. § 922(t) to run a background check on Plaintiff using the National Instant Criminal Background Check System ("NICS"), which is operated by the Federal Bureau of Investigation ("FBI") (an agency of Defendant), before transferring the firearm to Plaintiff.

8. Defendant denied the transfer.

9. Plaintiff utilized the FBI's system that allows denied gun purchasers to learn the reason for the denial.

10. On August 2, 2019, the FBI sent Plaintiff a letter telling Plaintiff that is prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(4), as a "person who has been adjudicated as a mental defective or who has been

4

committed to a mental institution."

11. When providing such letters to denied purchasers, the FBI typically provides the name of the agency that was the source of the information the FBI used.

12. In the August 2, 2019, letter, the FBI did not identify an agency that was the source of the information regarding Plaintiff's alleged adjudication or commitment.

13. Plaintiff has never been adjudicated as a mental defective.

14. Plaintiff has never been committed to a mental institution.

15. Plaintiff is not prohibited from receiving or possessing a firearm pursuant to 18 U.S.C. § 922(g) or (n).

16. Plaintiff would like to possess firearms but is in fear of arrest and prosecution for doing so because Defendant has asserted that it would be a federal crime for Plaintiff to do so.

17. Pursuant to 18 U.S.C. § 925A, Plaintiff was not prohibited from receipt of the firearm he sought to purchase and therefore seeks an order directing that the transfer be approved.

**Prayer for Relief**

Plaintiff demands the following relief:

18. An order pursuant to 18 U.S.C. § 925A requiring Defendant to approve the transfer described above.

4

19. A declaration that Plaintiff is not federally prohibited from possessing firearms.

20. Costs of bringing and maintaining this action, including reasonable attorney's fees.

21. Any other relief the Court deems proper.

JOHN R. MONROE,

   /s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA 30534
Telephone: (678) 362-7650
Facsimile: (678) 744-3464
jrm@johnmonroelaw.com

ATTORNEY FOR PLAINTIFF

☐4