UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEFEN ESCAMILLA,

        Plaintiff,

      v.                                      Case No. 21-C-510

UNITED STATES OF AMERICA,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND MOTION FOR LEAVE TO FILE ITS ANSWER INSTANTER

On April 21, 2021, Plaintiff Stefen Escamilla brought this action under 18 U.S.C. § 925A against Defendant United States of America seeking a declaration that Plaintiff is not federally prohibited from possessing firearms and an order that Defendant approve a firearm transfer to Plaintiff. On April 22, 2021, Plaintiff filed a certificate of service. When no answer or other responsive pleading was filed, Plaintiff filed a request for the entry of default on June 24, 2021. The Clerk entered default the following day. On July 14, 2021, Plaintiff filed a motion for default judgment. The Court held a telephone hearing on the motion for default judgment on July 20, 2021. At the hearing, the Court advised that it would take Plaintiff's motion under advisement and ordered Defendant to file a motion to vacate the entry of default and respond to the motion for default judgment by July 27, 2021. On July 27, 2021, Defendant filed a response to Plaintiff's motion for default judgment as well as a motion to file its answer instanter, and on August 12, 2021, Defendant filed its motion to vacate the entry of default against it. For the following reasons, Defendant's motions to vacate the entry of default and for leave to file its answer instanter will be granted, and Plaintiff's motion for default judgment will be denied.

Default is entered upon a party's failure to plead or otherwise defend. Fed. R. Civ. P. 55(a). Once the Clerk enters default in accordance with Federal Rule of Civil Procedure 55(a), the Court exercises its discretion to determine whether to enter default judgment pursuant to Rule 55(b). The entry of default does not mean that a default judgment will be entered. Default judgments are considered "drastic" measures. *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995). "While this circuit no longer disfavors default judgments, and does not require the trial court to first impose less drastic sanctions, a default judgment should not be considered a ready response to all litigant misbehavior." *Id.* Default judgment is a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The Seventh Circuit has a "well established policy favoring a trial on the merits over a default judgment." *Id.* at 810. A party may request that the court vacate an entry of default prior to the entry of final judgment by demonstrating "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993); Fed. R. Civ. P. 55(c). While the same test applies for motions seeking relief from default judgment under Rules 55(c) and 60(b), the test is "more liberally applied in the Rule 55(c) context." *Cracco*, 559 F.3d at 630.

In this case, Defendant has satisfied the Rule 55 standards for vacating the default. In analyzing whether Plaintiff has shown "good cause" for the default, the Court notes that Rule 55(c) requires "good cause for the judicial action, not good cause for the defendant's error." *Id.* at 631 (internal quotations omitted). Following this direction, there is certainly good cause for setting aside the default in this case. As an initial matter, Defendant has been candid about the reason for its failure to answer. An inadvertent failure to calendar a deadline, although not commendable,

certainly does not amount to a willful decision to ignore the litigation. *See id.* at 631. More important to the showing of good cause, however, is the issue that this case presents. Plaintiff is seeking a declaration that he is not federally prohibited from possessing firearms and an order that Defendant approve a firearm transfer to him. Defendant, on the other hand, asserts that Plaintiff is federally prohibited from possessing firearms because he was committed to a mental institution within the meaning of 18 U.S.C. § 922(g)(4). At bottom, this case involves public safety, and there is no doubt that this is the type of case that the Seventh Circuit and this Court prefer to see decided on the merits, rather than on entry of a default judgment. *Sun*, 473 F.3d at 810.

Defendant is also required to show that it took quick action to correct the entry of default. Again, although not commendable, the Court does not find the five-week delay fatal given the importance of the issue at hand. Finally, Defendant must present a meritorious defense to the complaint. Despite Plaintiff's protests that Defendant has failed to provide evidence that Plaintiff was committed to a mental institution within the meaning of federal law, Defendant has "notified the Plaintiff and [the Court] of the nature of [Defendant's] defense and provided the factual basis for that defense." *Cracco*, 559 F.3d at 631. Defendant has made clear that its defense to Plaintiff's complaint is that Plaintiff *was* committed to a mental institution within the meaning of federal law and has provided a factual basis for that assertion, *see e.g.,* Dkt. No. 14-2, as well as some legal authority on the matter. Therefore, the Court finds that Defendant has presented a meritorious defense to the complaint, and has satisfied the other Rule 55 standards, such that it is entitled to have the default set aside.

For the foregoing reasons, Defendant's motion to vacate the entry of default (Dkt. No. 18) and motion for leave to file its answer instanter (Dkt. No. 14) are **GRANTED**. Plaintiff's motion for default judgment (Dkt. No. 11) is **DENIED**. The Court accepts Defendant's answer as properly

and timely filed.  The clerk is directed to detach and e-file the Answer, [14-1], and set the matter for a Rule 16 telephone scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of August, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge