UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEFEN ESCAMILLA,

    Plaintiff,

v.        Case No. 21-CV-00510

UNITED STATES OF AMERICA,

    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, the United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Brian E. Pawlak, Assistant United States Attorney for said District, answers Plaintiff's complaint as follows

## I.    INTRODUCTION

1. This action, under 18 U.S.C. § 925A(2), seeks an order that a firearm transfer to Plaintiff be approved by Defendant and a declaration that Plaintiff is not ··· federally prohibited from possessing firearms.

Answer: Admit that Plaintiff is seeking redress under 18 U.S.C. § 925A(2), but deny that he is entitled to it.

## II.    JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1346(a)(2), and 28 U.S.C. § 1361.

Answer: Defendant United States denies this claim.

3. Venue is proper under 28 U.S.C. § 1402(a)(l) because the United States is a Defendant and the Plaintiff resides in this District and in this Division.

Answer: Defendant is without sufficient information to admit or deny that venue is proper with the Court, as such, to the extent that an answer is required, Defendant denies this claim

### III. PARTIES

4. Plaintiff is a citizen and resident of Winnebago County, Wisconsin and acitizen of the United States.

Answer: Defendant is without sufficient information to admit or deny that Plaintiff is a resident and/or citizen of Wisconsin and/or the United States, as such, to the extent that an answer is required, Defendant denies this claim.

5. Defendant is the United States of America.

Answer: Admit, Plaintiff has named the United States as a defendant.

### IV. FACTUALBACKGROUND

6. In 2019, Plaintiff attempted to purchase a handgun from ClassicFirearms in Appleton, Wisconsin.

Answer: Deny. Upon information and belief, Plaintiff was denied a firearm transaction on July 11, 2019, where the federal firearms licensee (FFL) dealer was Tactical Defense, LLC, located at 2501 South Jason Dr., Appleton, WI, 54915, bearing an NTN (NICS Transaction Number) of "1011V8DCC".

7. As a federal firearms licensee ("FFL"), Classic Firearms was required under 18 U.S.C. § 922(t) to run a background check on Plaintiff using theNational Instant Criminal Background Check

System ("NICS"), which is operated by the Federal Bureau of Investigation ("FBI") (an agency of Defendant), before transferring the firearm to Plaintiff.

Answer: Deny. Plaintiff misstates who the FFL submitting the NICS transaction was in this instance. Further, pursuant to 18 U.S.C. 922(t), an FFL is required to conduct a NICS background check prior to transferring a firearm to an unlicensed person. Additionally, 18 U.S.C. 922(t) also requires that the FFL must receive either a "proceed" response from the NICS System; or, where the transaction has been initially "delayed" by the NICS for further research, the FFL must not have received a "denied" response from the NICS System and three business days must have lapsed since initiation of the check.

8. Defendant denied the transfer.

Answer: Admit Plaintiff was denied (NTN 1011V8DCC) on July 11, 2019, at 09:46:07 hrs. EST.

9. Plaintiff utilized the FBI's system that allows denied gun purchasers to learn the reason for the denial.

Answer: Admit. In July of 2019, Plaintiff submitted a "Congressional" request for assistance through Congressman Mike Gallagher, for assistance in understanding why he was denied the handgun transfer. Then, on or about November 5, 2019, Plaintiff submitted a 'why was I denied' challenge through the FBI's eDO (electronic departmental order) system.

10. On August 2, 2019, the FBI sent Plaintiff a letter telling Plaintiff that is.

prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(4), as a "person who has been adjudicated as a mental defective or who has been committed to a mental institution."

Answer: Admit.

11. When providing such letters to denied purchasers, the FBI typically provides the name of the agency that was the source of the information the FBI used.

Answer: Admit.

12. In the August 2, 2019, letter, the FBI did not identify an agency that was the source of the information regarding Plaintiffs alleged adjudication or commitment.

Answer: Deny. The FBI sent a letter to Plaintiff dated August 2, 2019, that letter—as well as a subsequent letter the FBI sent to Plaintiff dated December 10, 2019—instructed Plaintiff (if he disagreed with the basis of the prohibition the FBI provided) to contact the "NICS Appeals and SAFE Act[,] Post Office Box 66329[,] Albany, NY 12206[,] Phone: 518-549-1180." This is the office established by the State of New York, for persons who have been disqualified from possessing a firearm to seek relief. Plaintiff was also provided the NICS Record Identifier

13. Plaintiff has never been adjudicated as a mental defective.

Answer: Deny. Under 18 U.S.C. 922(g)(4), a person is prohibited from shipping transporting, possessing and receiving firearms and ammunition if

they have been either "adjudicated as a mental defective" (defined at 27 C.F.R. 478.11) or "committed to a mental institution" (also defined at 27 C.F.R. 478.11). On April 10, 2018, the State of New York, Office of Mental Health submitted a record entry into the NICS Index (or NICS Indices) representing that they have verified that one Stefen Edward Escamilla, with a date of birth of April 07, 1998. That according to information obtained by the Office of NICS Appeals & Safe Act, on March 23,2018, the Plaintiff was committed to Samaritan Medical Center's Mental Health Treatment Unit in Watertown, New York, pursuant to New York State's Mental Hygiene Law, Section 9.39. Tthe records indicate that a staff psychiatrist confirmed, based on an examination and the case history, that there was reasonable cause to believe that Plaintiff had a mental illness for which immediate care and treatment in a hospital was appropriate and which was likely to result in serious harm to Plaintiff or others. Plaintiff's diagnosis at that time was: unspecified depressive disorder, rule out major depressive disorder and severe episode with psychosis.

14. Plaintiff has never been committed to a mental institution.

Answer: Deny. That according to information obtained by the Office of NICS Appeals & Safe Act, on March 22, 2018, Fort Drum EMS transported Plaintiff to the Samaritan Medical Center. According to the Fort Drum record, the Plaintiff was hearing voices all the time for the past two months which

5

were more prevalent during times of high stress and that the voices were telling him to commit suicide and that the voices got mad at Plaintiff when he didn't listen. On the same date, the Samaritan's Inpatient Mental Health Unit ("SIMHU") admitted plaintiff as an emergency-status patient for persons with mental illness as he was alleged to have a mental illness for which immediate observation, care, and treatment in a hospital was appropriate. It was also alleged that such mental illness was likely to result in serious harm to Plaintiff as manifested by threats of, or attempts at suicide or serious bodily harm or other conduct demonstrating that Plaintiff was dangerous to himself or others pursuant to New York State's Mental Hygiene Law, Section 9.39. Plaintiff's preliminary diagnosis was positive for command auditory hallucinations, suicidal ideation with a plan and depression. On March 23,2018, the Plaintiff was committed to Samaritan Medical Center's Mental Health Treatment Unit in Watertown, New York, pursuant to New York State's Mental Hygiene Law, Section 9.39. The records indicate that a staff psychiatrist confirmed, based on an examination and the case history, that there was reasonable cause to believe that Plaintiff had a mental illness for which immediate care and treatment in a hospital was appropriate and which was likely to result in serious harm to Plaintiff or others. Plaintiff's diagnosis at that time was: unspecified depressive disorder, rule out major depressive disorder and severe episode with psychosis.

15. Plaintiff is not prohibited from receiving or possessing a firearm pursuant to 18 U.S.C. § 922(g) or (n).

Answer: Deny. Plaintiff is a prohibited person under 18 U.S.C. 922(g)(4)

16. Plaintiff would like to possess firearms but is in fear of arrest and prosecution for doing so because Defendant has asserted that it would be a federal crime for Plaintiff to do so.

Answer: Defendant is without sufficient knowledge and information to admit or deny Plaintiff's mental state claims articulated in this paragraph; as such, to the extent that a response is required Defendant denies this claim. Defendant admits that as a prohibited person under 18 U.S.C. 922(g)(4) it would be a crime for him to possess firearms.

17. Pursuant to 18 U.S.C. § 925A, Plaintiff was not prohibited from receipt of the firearm he sought to purchase and therefore seeks an order directing that the transfer be approved.

Answer: Deny. On April 10, 2018, the State of New York, Office of Mental Health submitted a record entry into the NICS Index (or NICS Indices) representing that they have verified that one Stefen Edward Escamilla, with a date of birth of April 07, 1998, (and other identifying information) was a prohibited person under 18 U.S.C. 922(g)(4); as such the NY OMH would have had to have concluded that Plaintiff was either "adjudicated as a mental defective" or had been "committed to a mental institution." Further, on March 23, 2018, that Plaintiff was

committed to a mental hospital, to wit, Samaritan Medical Center's Mental Health Treatment Unit in Watertown, New York, pursuant to New York State's Mental Hygiene Law, Section 9.39.

**Prayer for Relief**

Plaintiff demands the following relief:

18. • An order pursuant to 18 U.S.C. § 925A requiring Defendant to approve thetransfer described above.

Answer: . Deny. is a prohibited person under 18 U.S.C. 922(g)(4).

19. A declaration that Plaintiff is not federally prohibited from possessingfirearms.

Answer: Deny. Even if Plaintiff were to prevail, court-imposed declarations, such as the one sought here, are not a remedy allowed by 18 U.S.C. 925A.

20. Costs of bringing and maintaining this action, including reasonable attorney'sfees.

Answer: Deny. Even if Plaintiff was not a prohibited person under 18 U.S.C. 922(g)(4), this district court litigation was unnecessary an d premature since Plaintiff failed to avail himself of administrative remedies available to him, such as contacting the New York State agency charged with keeping his prohibition records.

21 . Any other relief the Court deems proper.
Answer: Deny

## GENERAL DENIAL

Defendant United States denies any allegations not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim against Defendant United States upon which relief can be granted.

2. Defendant United States reserves the right to plead additional affirmative defenses which, through discovery, may become known.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant United States respectfully moves this Court to dismiss Plaintiffs' Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Dated at Milwaukee, Wisconsin, this 27th day of July 2021.

Respectfully submitted,

RICHARD F. FROHLING
Acting United States Attorney

By: /s/ Brian E. Pawlak
BRIAN E. PAWLAK
Assistant United States Attorney
Attorney for the Defendant
State Bar Number 1009916
United States Attorney's Office
517 East Wisconsin Avenue, Rm 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Facsimile: (414) 297- 4394
Email: Brian.Pawlak@usdoj.gov